SEALED

ORDERED UNSEALED on 07/02/2026 s/ andreasar

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SIDNEY GAINES,

Defendant.

Case No. 26mj3684

COMPLAINT FOR VIOLATION OF:
18 U.S.C., Sec. 922(g)(1) – Felon in Possession of a Firearm and Ammunition (Felony);
Title 21, U.S.C., Sec. 841(a)(1) – Possession of Controlled Substances with Intent to Distribute (Felony); and
18 U.S.C., Sec. 924(c)(1) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime

The undersigned complainant being duly sworn states:

## COUNT ONE

On or about November 9, 2023, within the Southern District of California, defendant SIDNEY GAINES, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

On or about June 17, 2026, within the Southern District of California, defendant SIDNEY GAINES, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE

On or about June 17, 2026, within the Southern District of California, defendant

SIDNEY GAINES did knowingly and intentionally possess with the intent to distribute, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(l).

**COUNT FOUR**

On or about June 17, 2026, within the Southern District of California, defendant SIDNEY GAINES did knowingly and intentionally possess with the intent to distribute, a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(l).

**COUNT FIVE**

On or about June 17, 2026, within the Southern District of California, defendant SIDNEY GAINES, in furtherance of a drug trafficking crime, namely possession with intent to distribute methamphetamine and cocaine, as charged in Count Three and Count Four, did knowingly possess a firearm; in violation of Title 18, United Sates Code, Section 924(c)(1).

Michael Wasser
Special Agent, DEA

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 29 day of June, 2026.

HON. MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

**November 9, 2023: GAINES possessed a firearm recovered during a traffic stop.**

On November 9, 2023, at approximately 6:45 p.m., patrolling San Diego Police Department (SDPD) Officers observed a Mercedes sedan driving near the 700 block of 47th Street, which is within the Southern District of California. The Officers observed the Mercedes did not have front license plates, which is a violation of California Vehicle Code §5200(a). Based on that violation, the Officers conducted a traffic stop of the Mercedes.

As the Officers performed a U-turn to begin traveling in the same direction of the Mercedes, the Mercedes accelerated, made an abrupt left turn onto Oceanview Boulevard, and continued at an accelerated pace. Based on this driving behavior, the Officers believed the Mercedes was attempting to evade them. The Mercedes ultimately yielded to police near 400 South 45th Street. The driver of the Mercedes was identified as a male with the initials L.L. and the only other person in the car was the front seat passenger identified as Sidney GAINES. A records check revealed both L.L. and GAINES are convicted felons and GAINES was on active parole for a firearms-related crime.

Based on the evasive driving, the Officers requested nearby units canvass the path of the Mercedes's travel to determine whether anything had been discarded from the Mercedes. Responding Officers found a loaded .40 caliber semiautomatic Glock handgun at the base of a bush near 4606 Oceanview Boulevard—just a few blocks behind where the Mercedes yielded. The Glock firearm appeared to have fresh dirt on it and did not appear to have been exposed to the elements for a long period. Additionally, the Glock firearm had scrapes on it consistent with having been discarded from a moving vehicle.

The Glock was processed for DNA analysis and a comparable sample was obtained from the exterior surface of the magazine inserted in the Glock. Samples obtained from the Glock's exterior were not suitable for comparison because there were more than five contributors. Comparison of the DNA obtained from the Glock's magazine against DNA samples from L.L. and GAINES revealed very strong support for the inclusion of GAINES

as a contributor to the DNA on the firearm magazine's exterior. Specifically, the analysis determined it is 2.93 x $10^{27}$ times more likely to obtain the DNA results if GAINES is a contributor on the firearm's magazine than if he was not a contributor. The analysis also excluded L.L. as a DNA contributor on the firearm's magazine.

Records checks on GAINES revealed the following criminal history:

| Conviction Date | Court of Conviction | Charge | Imprisonment |
|---|---|---|---|
| 9/8/2014 | CASC – San Diego | Cal. P.C. §245(a)(1) — Assault with a Deadly Weapon (Felony) | 3 Years Prison |
| 1/30/2015 | CASC – San Diego | Cal. P.C. §245(a)(2) — Assault with a Firearm (Felony) | 13 Years Prison |

The firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California and therefore traveled in interstate commerce to arrive in California.

**June 17, 2026: GAINES possessed a firearm, ammunition, and narcotics.**

On June 17, 2026, SDPD Officers were patrolling the area near 4606 Mission Gorge Place in San Diego, which is within the Southern District of California. The Officers observed GAINES exiting a business at 4606 Mission Gorge Place and entering a Nissan sedan parked near the business. The Officers knew there were multiple outstanding felony no-bail warrants for GAINES and also knew GAINES was wanted for a parole violation.

The Officers contacted the driver of the Nissan, who was a female with the initials A.R. GAINES was seated in the backseat of the Nissan and identified himself to police as "Aaron Simpson." The Officers knew GAINES was falsely identifying himself because they had just familiarized themselves with a known booking photograph of GAINES and also because of their prior familiarity with GAINES.

The Officers arrested GAINES on his active felony warrants and A.R. provided Officers consent to search both the Nissan and her cell phone. Officers searched A.R.'s wallet

and found an envelope with a white powdery substance consistent with being a controlled substance. A.R.'s phone did not contain any evidence relating to the other contraband in the Nissan.

In the backseat of the Nissan, Officers observed a plastic Target shopping bag. That shopping bag contained, among other items, a privately made semiautomatic firearm (commonly referred to as a "ghost gun") loaded with approximately 14 rounds of "Blazer," "PMC," and "A USA" (Armscor USA) brands of .40 caliber ammunition. In the same bag, Officers recovered baggies containing various controlled substances, including substances that lab analysis has determined to consist of approximately 27.84 grams of methamphetamine, 56.15 grams of cocaine, and 23 MDMA pills. A search of GAINES revealed him to be in possession of approximately $253 in small denominations, which were concealed in his socks. A cell phone belonging to GAINES was also found in the same area as the bag with the firearm and narcotics.

GAINES was arrested and agreed to speak with investigators. During that interview, GAINES stated the loaded firearm and the drugs found in A.R.'s backseat were his and that he had possessed the firearm since the police took his last firearm from him.

The ammunition was seized and inspected. Preliminary checks revealed that the ammunition was not manufactured in California and therefore traveled in interstate commerce to arrive in California.

Based on my training and experience, the narcotics GAINES admitted to possessing are consistent with quantities possessed for distribution. This is based upon a review of the totality of the evidence seized, which includes GAINES' possession of various types of drugs, the drugs being separately packaged, and the currency concealed on GAINES' person. In my experience, individuals involved in drug trafficking will frequently possess a firearm to protect themselves, their drugs, and proceeds from drug sales.

## REQUEST FOR SEALING

It is further respectfully requested that this Court issue an Order sealing, until further

order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee or have a negative impact on this continuing investigation.